FILED
SUPERIOR COURT
OF GUAM

2021 MAR -2 PM 1: 16

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| MELISSA P. CAMACHO, | CIVIL CASE NO.: CV0046-20 |
| Plaintiff, | |
| vs. | |
| F. RANDALL CUNLIFFE, as Trustee of the Pedro R. Pangelinan Trust, aka the DONGO TRUST, | **DECISION AND ORDER:** Defendant's Partial Motion to Dismiss the Second, Fifth, Sixth, and Seventh Causes of Action in Plaintiff's Verified Complaint |
| Defendant. | |

## I. INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on December 1, 2020 for a hearing on Defendant F. Randall Cunliffe's ("Defendant") Partial Motion to Dismiss the Second, Fifth, Sixth, and Seventh Causes of Action in Plaintiff's Verified Complaint ("the Motion").[1] Defendant was represented by Attorney Joe Razzano. Attorney Rachel Taimanao Ayuyu represents Plaintiff Melissa P. Camacho (the "Plaintiff"). All parties were present at the hearing via Zoom platform and the Court took the matter under advisement. After reviewing the Parties' written briefs and the record on file with the court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the court now issues this Decision and Order **GRANTING IN PART and DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS.**

---

[1] Defendant is named in his capacity as Trustee of the Pedro R. Pangelinan Trust aka the Dongo Trust.

*Decision and Order Re. Defendant's Partial Motion To Dismiss*
*Second, Fifth, Sixth and Seventh Causes of Action*
Civil Case No. CV0046-20; Page 1 of 13

## II. BACKGROUND

Plaintiff filed a Verified Complaint on January 21, 2020 alleging that, while acting pursuant to his duties as trustee, the Defendant breached his duty of good faith, engaged in self-dealing, exerted undue influence, failed to provide an accounting and that he acted fraudulently. In particular, Plaintiff alleges that Defendant has attempted to sell trust property for far less than fair-market value, that such actions are not in the best interest of the beneficiaries of the trust and that the Defendant engaged in fraudulent activities. *Ver. Compl.* at p. 5–9. These averments form the basis of Plaintiff's Second cause of action for Self-Dealing and the Fifth, Sixth and Seventh causes of action for Fraud.

On March 17, 2020, Defendant brought this Motion pursuant to Guam Rules of Civil Procedure ("GRCP") Rules 12(b)(6) and Rule 9. Defendant argues that the Second, Fifth, Sixth, and Seventh Causes of Action in Plaintiff's Verified Complaint fail to state a claim for which relief can be granted and fail to plead fraud with particularity and, as such, must be dismissed. *Mot.* at p. 2. Plaintiff filed an Opposition to Plaintiff's Motion on November 13, 2020, and Defendant filed a Reply to the Plaintiff's Opposition on November 20, 2020.

## III. LAW AND ANALYSIS

Guam law requires only "notice pleading" of a short and plain statement of the claim showing entitlement to relief. Rule 8 of the Guam Rules of Civil Procedure provides:

> (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which the pleader seeks. Relief in the alternative or of several different types may be demanded.

*Decision and Order Re. Defendant's Partial Motion To Dismiss*
*Second, Fifth, Sixth and Seventh Causes of Action*
Civil Case No. CV0046-20; Page 2 of 13

However, "a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Ukau v. Wang,* 2016 Guam 26 ¶¶ 25, 26 (citing *Core Tech Int.'l Corp. v. Hanil Engineering & Construction Co.,* 2010 Guam 15 ¶ 52 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The dismissal of a complaint is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Ukau,* 2016 Guam ¶¶ 51–52 (quoting *Taitano v. Calvo Fin. Corp.,* 2008 Guam 12 ¶ 9). Additionally, in determining whether the 12(b)(6) motion should be granted, the pleadings must be viewed in the light most favorable to the non-moving party and resolve all doubts in the non-moving party's favor. *Taitano v. Calvo Fin. Corp. ("Taitano I"),* 2008 Guam 12 ¶ 9. To survive Defendant's Motion, the Plaintiff's Complaint must contain facts establishing the material elements necessary to the claims.

A trustee clearly owes a beneficiary the highest duty of good faith. 18 GCA § 65201; *Lujan v. J.L.H. Tr.,* 2016 Guam 24, ¶ 16. Under 18 GCA § 65201, the trustee may not obtain any advantage over beneficiaries by misrepresentation, concealment, threat, or adverse pressure. Moreover, 18 GCA § 65202 restricts the trustee from using or dealing with trust property for own profit or any purpose unconnected with the trust. Defendant's Motion is based upon the contention that the Plaintiff has failed to articulate a sufficient claim against him for self-dealing because Plaintiff has not alleged any facts establishing that the trustee has personally benefitted from any transactions. The Plaintiff replies that the Verified Complaint contains allegations that that Defendant "has attempted to sell trust property to others for far less than fair-market value," and this act in and of itself constitutes a purpose which is unconnected to the trust, in violation of 18 GCA § 65202. *Ver. Compl.* at ¶ 29.

*Decision and Order Re. Defendant's Partial Motion To Dismiss*
*Second, Fifth, Sixth and Seventh Causes of Action*
Civil Case No. CV0046-20; Page 3 of 13

## a. Second Cause of Action: Self-Dealing

Plaintiff's cause of action for "self-dealing" is grounded in 18 GCA § 65202, which provides that "[a] trustee may not use or deal with the trust property for his own profit, or for any other purpose unconnected with the trust, in any manner." 18 GCA § 65202; *Ver. Complaint* ¶ 28; *Opp. to Partial Mot. to Dismiss* at p. 2. Plaintiff alleges specifically in her Verified Complaint, as follows:

> 28. The Trustee is prohibited from using or dealing with the trust property for his own benefit, profit, or for any other purpose unconnected with the trust, in any manner.
>
> 29. Upon information and belief, the Trustee has attempted to sell trust property to others for far less than fair-market value. Namely, upon belief, the Trustee has *engaged in discussions with others* to sell prime beach-front property located in Urunao, Guam, for a negligible amount.

*Ver. Complaint* ¶¶ 28, 29 (emphasis added).

The Guam Supreme Court has not previously addressed the question of what constitutes a prima facie case of self-dealing by a trustee under these circumstances, however, several cases may be considered to apply by analogy. *See, Estate of Benavente v. Maquera*, 2000 Guam 9, ¶ 23 (failing to disclose an interest in the transaction constitutes a breach of a fiduciary duty; attorney breached his fiduciary duty to client by placing himself in a position where his self-interest prevented him from giving disinterested advice to his client); *Chung v. Blair Constr. Co.*, 2019 Guam 28, ¶ 21 (discussing self-dealing in reference to the fiduciary duties owed by a real-estate broker to principal). Guam's trust laws are adopted from California; therefore, the Court looks to "early California approach" on this issue for guidance.[2]

---

[2] *Lujan v. J.L.H. Trust*, 2016 Guam 24 ¶43 ("As we adopted our trust laws from the jurisdiction, this overview is helpful to our current inquiry, offering a clearer picture of Guam's trust law as it now stands, and an indication of how to venture forward. The procession of California trust law regarding trustee liability can be divided into three eras: common law, the early California approach and the modern view. Guam currently maintains the early California approach. *Hemlani v. Melwani*, 2020 Guam 31 ("Guam's statutory scheme regarding trusts derives from a

*Decision and Order Re. Defendant's Partial Motion To Dismiss*
*Second, Fifth, Sixth and Seventh Causes of Action*
Civil Case No. CV0046-20; Page 4 of 13

"The duty of loyalty, requiring a trustee to administer the trust solely in the interest of the beneficiaries ... is the most fundamental duty of a trustee." *Uzyel v. Kadisha*, 188 Cal.App.4th 866, 905, 116 Cal. Rptr. 3d 244, (Cal. Ct. App. 2010); see, CA Probate Code § 16002, subd. (a)(1991)(trustee has a duty to administer the trust solely in the interest of the beneficiaries). A trustee violates this duty when, without the authorization of the trust instrument, permission by the court, or the consent of the beneficiaries, the trustee engages in self-dealing or any other transaction "in which the trustee's personal interests may conflict with those of the beneficiaries." *Uzyel*, at p. 905; see, CA Probate Code § 16004, subd. (a)(1991)("[t]he trustee has a duty not to use or deal with trust property for the trustee's own profit or for any other purpose unconnected with the trust, nor to take part in any transaction in which the trustee has an interest adverse to the beneficiary"). *Compare,* 18 G.C.A. § 65202 ("A trustee may not use or deal with the trust property for his own profit, or for any other purpose unconnected with the trust, in any manner").[3]

The rule against self-dealing is stated in § 170 of the Restatement (Third) of Trusts, as follows: 1) The trustee is under a duty to administer the trust solely in the interest of the beneficiaries; and (2) The trustee in dealing with a beneficiary on the trustee's own account is under a duty to deal fairly and to communicate to the beneficiary all material facts the trustee knows or should know in connection with the transaction.[4] No averments in Paragraphs 28 and 29 of the Verified Complaint establish facts constituting "self-dealing" as it is defined in the Restatement.

former version of California's trust statutes. Where we have adopted California statutes, California case law interpreting those statutes stands as persuasive authority.")

[3] *See, Corman v. Corman*, 2016 WL 4501991 *5 (citing to Rest.3d *Trusts*, § 78 ["[e]xcept in discrete circumstances, the trustee is strictly prohibited from engaging in transactions that involve self-dealing or that otherwise involve or create a conflict between the trustee's fiduciary duties and personal interests"]; id., § 78, com. d [describing self-dealing as "engaging on behalf of the trust in transactions with the trustee personally"].

[4] California courts have considered the Restatement of Trusts in interpreting California trust law. Id., fn. 5.

*Decision and Order Re. Defendant's Partial Motion To Dismiss*
*Second, Fifth, Sixth and Seventh Causes of Action*
Civil Case No. CV0046-20; Page 5 of 13

On the face of the Verified Complaint and in its Opposition to Defendant's Motion, the Plaintiff argues that "[s]elling prime beach-front property for a negligible amount is for any other purpose unconnected with the trust" and, therefore, constitutes unauthorized self-dealing. *Opp.* at 3. However, nothing in Plaintiff's complaint establishes a prima facie case of self-dealing and no cases cited to by Plaintiff in its Opposition are on point. *Compare, Churchill v. Peters,* 57 Cal. App. 2d 521, 134 P.2d 841 (Cal. Ct. App. 4 1943)(Defendant was using or dealing with trust property for his own profit)); *Estate of Pitzer,* 155 Cal. App.3d 979, 202 Cal. Rptr. 855 (Cal. Ct. App. 5 1984)(finding self-dealing to have occurred, but ruling that "whether an investment or sale is proper depends upon the circumstances existing at the time the trust was made, rather than upon subsequent events." *Rest.2d Trusts* § 227, com. o, p. 535)); *Municipal Bond Co. v. City of Riverside,* 138 Ca. App. 267, 32 P 2d. 661 (Cal. Ct. App. 4 1934)(trustee was engaged in dealings with the trust estate in a manner inuring to trustee's benefit and beneficiaries' detriment). Indeed, the allegation is that Defendant *"attempted* to sell" and "engaged in discussions" regarding the sale of the property for a "negligible amount." The Property which is the subject of the Petitioner's Verified Complaint has not been sold and remains a trust asset.[5]

Even if the trustee actually consummated the sale of trust property at below fair market value, which sale has not occurred, this does not necessarily establish self-dealing without anything more establishing a benefit to the trustee from such transaction. *See, Neel v. Barnard,* 24 Cal. 2d 406, 150 P.2d 177 (Cal. 1944)(in action against trustee, court rejected beneficiaries claim that refusal to sell trust property for a certain price was breach of duty; trustee is entitled to the benefit of the presumptions of regularity and good faith). Plaintiff contends that the Defendant does not have to engage in activity that is solely for his own benefit to have engaged

[5] Mot. at p. 4 ("the Urunao property mentioned in the Declaration of Trust ... was not sold and remains a trust asset. To be clear, no Urunao lots have ever been sold."

*Decision and Order Re. Defendant's Partial Motion To Dismiss*
*Second, Fifth, Sixth and Seventh Causes of Action*
Civil Case No. CV0046-20; Page 6 of 13

in self-dealing, only that the Defendant has dealt with the trust property for any other purpose unconnected with the trust in any manner. *Opp'n.* at p. 2. However, as discussed, the Verified Complaint fails to allege that Defendant used or dealt with trust property for his own profit or for any other purpose unconnected with the trust, in any manner. Instead, Plaintiff only resorts to conclusions of law which are unsupported by the facts as alleged in the Verified Complaint. As the Guam Supreme Court held in *Core Tech*, "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. Given that the Verified Complaint fails to allege facts upon which relief may be granted, dismissal is proper. *First Hawaiian Bank v. Manley,* 2007 Guam 2 ¶ 9.

**b. Dismissal of the Fifth, Sixth, and Seventh Causes of Action: Fraud**

Defendant asks the Court to dismiss the Fifth, Sixth, and Seventh Causes of Action because Plaintiff has failed to meet the heightened particularity standard required to plead claims of fraud. The elements of fraud are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Ukau v. Wang,* 2016 Guam 26, ¶ 36.

In order to sufficiently plead a claim for fraud, the Plaintiff must articulate her claims with *particularity* as required under GRCP Rule 9, which provides, in relevant part, as follows:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.

Rule 9(b) does not require a plaintiff to *prove* a claim of fraud at the pleading stage. *Ukau v. Wang,* 2016 Guam 26, ¶ 47 (quoting *Taitano I,* 2008 Guam 12 ¶ 16). Rather, what is required is that a plaintiff set forth her claim with sufficient detail to provide notice to defendants as to what

*Decision and Order Re. Defendant's Partial Motion To Dismiss*
*Second, Fifth, Sixth and Seventh Causes of Action*
Civil Case No. CV0046-20; Page 7 of 13

particular fraudulent action is being alleged. This standard has been described as a "who, what, when, where, and how" requirement. *Id.*

Under 18 GCA § 65207, any violation of the Trustee's duties as articulated by these statutes constitute a fraud on behalf of the Trustee. Plaintiff submits that the reason why she bases her claims "upon information and belief" is because the Defendant has failed to provide a trust accounting to the beneficiaries. This is the very heart and gravamen of her complaint.

Generally, claims based on information and belief do not meet the heightened standard of particularity required under Rule 9(b), but in instances where there are relevant facts which are known only to the defendant, the pleading standard is slightly relaxed. *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12, ¶ 15 (citing *Concha v. London,* 62 F.3d 1493, 1503 (9th Cir.1995)). "But even where allegations concern facts peculiarly within a defendant's knowledge, the plaintiffs must still state a factual basis for their belief." *Id.* (citing *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993). Where defects in the pleading can be cured by the allegation of other facts, however, leave to amend should be freely given. *Bly-Magee* at p. 1019.

We now consider whether the Plaintiff has sufficiently pled fraud with the requisite particularity in the the Fifth, Sixth and Seventh Causes of Action as contained in the Complaint:

**1. Fifth Cause of Action**

The Fifth Cause of Action alleges Fraud as follows:

40. Plaintiff repeats and realleges all above paragraphs.
41. Defendant informed Plaintiff and her siblings that the Dongo Trust owes taxes to the government of Guam which required trust corpus to be sold.
42. Defendant knew or should have known that the Dongo Trust received monthly payments from Guam Music Inc. sufficient to pay any taxes owed by the Trust.
43. Upon information and belief, the outstanding tax liabilities belong to the Dongo Estate, not the Trust.
44. Upon information and belief, Defendant knew or should have known as Dongo's attorney that those liabilities do not belong to the Trust.

*Decision and Order Re. Defendant's Partial Motion To Dismiss*
*Second, Fifth, Sixth and Seventh Causes of Action*
Civil Case No. CV0046-20; Page 8 of 13

45. Upon information and belief Defendant's acts and statements to Plaintiff and the other beneficiaries were intended to conceal and defraud the beneficiaries from use and distribution of trust assets to them.

46. Upon information and belief, from March through August 2019, Defendant and DOES 1-5 engaged in acts to defraud the beneficiaries and to divest the trust corpus of an Urunao properly by private sale for less than fair-market value.

47. Plaintiff and her sibling beneficiaries have relied on Defendant's minimal disclosure of information because they have no other source of information relating to the administration of trust properties and liabilities.

48. Defendant's actions have damaged Plaintiff and her sibling beneficiaries in an amount to be determined at trial, but no less than One Million Dollars ($1,000,000.00).

Ver. Compl. ¶¶ 40 – 47.

Despite the use of the phrase "upon information and belief" in Paragraphs 43 to 45, in reviewing these paragraphs, if taken as true, the Court finds that Plaintiff has established that (1) Defendant informed Plaintiff and her siblings that trust res had to be sold in order to pay for tax liabilities of the Trust (Paragraph 41); (2) that the outstanding tax liabilities were that of the Estate, not of the Trust (Paragraph 43); (3) that Defendant knew or should have known that the liabilities do not belong to the Trust (Paragraph 44); (4) that Defendant's acts and statements [regarding the Trust's tax liabilities] were "intended to conceal and defraud the beneficiaries from use and distribution of trust assets to them" (Paragraph 45). Where the Verified Complaint is defective, however, is in Paragraph 46, which states that "from March through August 2019, Defendant and DOES 1-5 engaged in acts to defraud the beneficiaries and to divest the trust corpus of an Urunao properly by private sale for less than fair-market value." As the Court has ruled, *supra,* the private sale of trust property for less than fair-market value does not, in and of itself, establish that Defendant has engaged in self-dealing or that he has acted fraudulently. These averments are purely conclusory, unlike the complaint at issue in *Ukau* which the Guam Supreme Court found "[went] far beyond a mere conclusory allegation and satisfies the

*Decision and Order Re. Defendant's Partial Motion To Dismiss*
*Second, Fifth, Sixth and Seventh Causes of Action*
Civil Case No. CV0046-20; Page 9 of 13

heightened "particularity" pleading standard set out in Rule 9(b) for the circumstances surrounding the fraud." *Compare, Ukau* at ¶¶ 45 – 48.

While this Court finds that the that portions of the Verified Complaint in this case (as identified, above) do give sufficient notice of Defendant's intent, the acts purportedly taken by Defendant fall short of the requirement "to provide notice to defendant[ ] *as to what particular fraudulent action* is being alleged." *Ukau* ¶ 47 (emphasis added). Alleging merely that the Defendant *did something* (without specifying the act) to sell the trust res at less than fair market value is insufficient to survive the motion.

## 2. Sixth Cause of Action

The Sixth Cause of Action alleges Fraud as follows:

49. Plaintiff repeats and realleges all above paragraphs.
50. Upon information and belief, Defendant and DOES 1-5 *__have engaged in acts__* to divert monthly payments from Guam Music Inc. away from the Dongo Trust since August 2019.
51. Upon information and belief, Defendant has informed one or more beneficiaries that the Trust cannot distribute monies to the beneficiaries because the payments from Guam Music Inc. have ceased.
52. Plaintiff and her sibling beneficiaries have relied on Defendant's statements because they have no other source of information relating to the administration of trust properties and liabilities.
53. Defendant's actions have damaged Plaintiff and her sibling beneficiaries in an amount to be determined at trial, but no less than One Million Dollars ($1,000,000.00).

*Ver. Complaint* ¶ 49-52 (emphasis added). For the same reasons articulated, above, Paragraph 50 fails to sufficiently plead facts necessary to provide the Defendant notice as to "what particular fraudulent action is being alleged."

//

//

//

*Decision and Order Re. Defendant's Partial Motion To Dismiss*
*Second, Fifth, Sixth and Seventh Causes of Action*
Civil Case No. CV0046-20; Page 10 of 13

### 3. Seventh Cause of Action

The Seventh Cause of Action alleges Fraud as follows:

1. Plaintiff repeats and realleges all above paragraphs.
2. Defendant knew or should have known the amounts of monetary distributions made to the beneficiaries in 2018.
3. Defendant is responsible for and causes the tax preparation and payment of tax liabilities of the Dongo Trust and monetary distributions to the beneficiaries.
4. Upon information and belief, Defendant intentionally reported Plaintiff's 2018 distribution as One Hundred Seventy-four Thousand Nine Hundred Fifty-Three Dollars ($174,953.00).
5. Upon information and belief, Defendant paid for Plaintiff's income tax from the Dongo Trust.
6. Plaintiff relied on Defendant's accounting of her 2018 distribution and tax preparation.
7. Upon information and belief, Defendant only distributed to Plaintiff One Hundred Fifty-Four Thousand Nine Hundred Fifty-Three Dollars ($154,953.00) in 2018.
8. Upon information and belief, Defendant has concealed a distribution from the Dongo Trust to DOES 1-5 in the amount of Twenty Thousand Dollars ($20,000.00) which he buried in Plaintiff s tax return.
9. Defendant's actions have damaged Plaintiff and her sibling beneficiaries in an amount to be determined at trial, but no less than One Million Dollars ($1,000,000.00).

*Ver. Compl.* ¶¶ 1 – 9.[6] Applying the factors set forth in *Taitano* and *Ukau,* the Court finds that Plaintiff has failed to sufficiently pled Fraud in the Seventh Cause of Action because it does not contains factual allegations necessary to identify "what particular fraudulent action is being alleged." Taking as true the averments in Paragraphs 1 to 9 of the Seventh Cause of Action, there is nothing to establish that the actions of Defendant amount to fraud.

### 4. Leave to Amend is Appropriate.

As discussed in detail, above, the Plaintiff has failed to articulate sufficient detail in her Verified Complaint that meets the "who, what, when, where, and how" standards established in *Taitano* and its progeny. However, dismissal is only proper if "it is clear …that the complaint could not be saved by any amendment." *Taitano* ¶ 9. Under Guam law, leave to amend should be

---

[6] Plaintiff's Verified Complaint continues the numbering of her paragraphs from 1, rather than continuing from ¶ 53.

*Decision and Order Re. Defendant's Partial Motion To Dismiss*
*Second, Fifth, Sixth and Seventh Causes of Action*
Civil Case No. CV0046-20; Page 11 of 13

liberally granted. *Arashi & Co. v. Nakashima Enterprises, Inc.*, 2005 Guam 21, ¶ 16 (citing *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962)). While leave to amend pleadings should be liberally granted, however, *Foman* directs courts to review whether certain factors are present which may mitigate against leave to amend, including: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Arashi & Co. v. Nakashima Enterprises, Inc.*, 2005 Guam 21, ¶ 16.

In this case, the Defendant has not filed an Answer to Plaintiff's Verified Complaint, there is nothing in the record to establish bad faith or any dilatory motive on the part of the Defendant movant, and this would be the Plaintiff's first opportunity to correct any deficiencies in the Complaint as identified herein. At this time, the Court does not find amendment to the Verified Complaint to be futile. Additionally, the Defendant did not object to the Court's suggestion regarding allowing the Plaintiff the opportunity to amend the Verified Complaint during the December 1, 2020 hearing on the motion. *Hrg. Min.* at 2:49:45 PM (Dec. 1, 2020).

//

//

**[THIS SPACE INTENTIONALLY LEFT BLANK.]**

*Decision and Order Re. Defendant's Partial Motion To Dismiss*
*Second, Fifth, Sixth and Seventh Causes of Action*
Civil Case No. CV0046-20; Page 12 of 13

## IV.   CONCLUSION

For the reasons set forth herein, the Court GRANTS Defendant's Motion to Dismiss the Second Cause of Action for Self-Dealing. The Court DENIES Defendant's Motion to Dismiss the Fifth, Sixth and Seventh Causes of Action, finding an appropriate remedy which does not prejudice the Defendant and warranted under the circumstances, to permit the Plaintiff to amend her Verified Complaint in order to cure the deficiencies therein.   The Amended Verified Complaint must be filed and served upon the Defendant within twenty (20) days of the entry of this Decision and Order on the docket.

**SO ORDERED** this _March 02, 2021_.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
RAZZANO
Ry vy
Date: _____ Time: 3/2/21
_____
Deputy Clerk, Superior Court of Guam

_Decision and Order Re. Defendant's Partial Motion To Dismiss_
_Second, Fifth, Sixth and Seventh Causes of Action_
Civil Case No. CV0046-20; Page 13 of 13